**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MARIO CEDENO,
*and other similarly situated individuals,*

     Plaintiff,

v.                                   Case No. 8:26-cv-1210-TPB-AEP

KENNEDY MART, INC., d/b/a CURRY
LEAVES INDIAN CUISINE, et al.,

     Defendants.
_____/

**ORDER DENYING "PLAINTIFF'S EMERGENCY MOTION
FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY
INJUNCTION PURSUANT TO FED. R. CIV. P. 65"**

This matter is before the Court on "Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction Pursuant to Fed. R. Civ. P. 65," filed by counsel *ex parte* on May 1, 2026. (Doc. 4). After reviewing the motion, court file, and the record, the Court finds as follows:

**Background**

The case arises from a dispute over unpaid wages and retaliation at a local Indian restaurant. Plaintiff alleges that while he was employed as a dishwasher and maintenance worker, he worked a total of approximately 90 hours per week but was only paid for about 78 hours per week on average. Further, Plaintiff alleges he was required to be off from the hours of 3 pm to 5 pm every day but was nonetheless required to perform tasks, including cleaning and general maintenance. During the last few weeks of his employment, Plaintiff complained about not being properly

compensated.  Krish Unny allegedly became angry upon Plaintiff's complaints and fired him.  On April 24, 2026, Plaintiff filed his complaint against Defendants Kennedy Mart, Inc., d/b/a Curry Leaves Indian Cuisine, Saji Mathew, and Krish Unny.[1]  On May 1, 2026, he amended his complaint asserting claims for failure to pay overtime under the Fair Labor Standards Act ("FLSA") (Count I) and retaliatory discharge under the FLSA (Count II).

In the pending motion, Plaintiff moves for a temporary restraining order and preliminary injunction without notice to Defendants.  He claims that six days after filing his complaint, an employee of Curry Leaves showed up to his residence unannounced and demanded that the lawsuit be dropped.  According to the employee, if the lawsuit was not dropped, Saji Mathew would call the Department of Children and Families ("DCF") to have Plaintiff's autistic children removed from his custody.  The employee explained that Mathew was "rich" and "could make things happen."  Plaintiff requests a restraining order to prevent Defendants from: (1) contacting or communicating with Plaintiff except through counsel, (2) threatening, harassing, intimidating, or retaliating against Plaintiff, (3) contacting or causing any other person to improperly contact DCF regarding Plaintiff, his children, and his lawsuit, (4) and destroying, altering, or concealing any evidence related to this case.

## Legal Standard

A district court is authorized to issue a temporary restraining order without notice to the adverse party only in *very limited* emergency circumstances.  *See* Fed. R. Civ. P. 65(b); M.D. Fla. Local Rule 6.01.  A motion seeking a temporary restraining

---

[1] Plaintiff identifies Mathew and Unny as owners, partners, and/or managers of Curry Leaves.

order must be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits, not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical.

To obtain either a temporary restraining order or a preliminary injunction, a movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 16 (2020). "A preliminary injunction is an extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly stablish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (internal quotations omitted).

## Analysis

Plaintiff has failed to meet his burden for the issuance of a temporary restraining order or preliminary injunction in this case.

As to the request for a TRO, Plaintiff has not tendered or offered to tender any amount of security, and he has not shown that he would be entitled to a waiver of the security requirement. *See* Fed. R. Civ. P. 65(c) ("The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security."); *see also Cassidy v. Citrus County Mosquito Control District*, No. 5:25-cv-43-WFJ-PRL, 2025 WL 506686, at *2 (M.D. Fla. Feb. 14, 2025) (Jung, J.) (denying issuance of

temporary restraining order in part because the plaintiff failed to address any amount of security to be held by the court); *Hickman v. Jordan*, No. 6:25-CV-159-PGB-DCI, 2025 WL 436765, at *3 (M.D. Fla. Feb. 7, 2025) (Byron, J.) (denying motion for temporary restraining order for, among other things, failing to address the matter of security).

More importantly, Plaintiff has failed to plead or demonstrate that irreparable injury is so imminent that a hearing on the motion for a temporary restraining order is impractical. In his motion, Plaintiff alleges that an unnamed employee of Curry Leaves threatened that Mathew would report Plaintiff to DCF if Plaintiff did not drop the present case. But Plaintiff has put forth no evidence to show that the issuance of a DCF complaint or the removal of his children is imminent, nor does he point to any controlling or persuasive authority that shows that a threatened complaint to DCF constitutes an emergency to justify the issuance of an *ex parte* temporary restraining order. Importantly, Plaintiff also does not detail any efforts made to give notice of the TRO motion to Defendants, and he does not provide any legitimate reason why notice should not be required. Absent a showing of an emergency, the Court is not able to address Plaintiff's allegations without input from Defendants.

In addition, Plaintiff has failed to plead or demonstrate irreparable injury, which is fatal to his requests for both a TRO and preliminary injunction. His fear of a DCF complaint and the removal of his children appears speculative at best, and he does not allege any specific facts demonstrating a current risk or danger of improper conduct by Defendants. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (explaining that asserted irreparable injury "must be neither remote nor speculative,

but actual and imminent"); *see also Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (explaining that "a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury.").

The conduct allegedly involved here does not appear to present the type of harm that would justify either a temporary restraining order or preliminary injunction. Because Plaintiff has failed to meet the high burden for the issuance of a TRO and a preliminary injunction, Plaintiff's motion is denied. If Plaintiff feels he may be subject to physical harm, he should consider involving law enforcement or requesting some type of protective injunction from a state court with jurisdiction over such matters, if such relief is available under state law. A case brought pursuant to the federal Fair Labor Standards Act is not the appropriate vehicle for seeking protection from physical violence.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1)     "Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction Pursuant to Fed. R. Civ. P. 65" (Doc. 4) is hereby **DENIED**.

(2)     The Clerk is directed to unseal the motion (Doc. 4) and its exhibits.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 4th day of May, 2026.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE